# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 1:20-CR-00017 |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER COLLARE. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

This is a criminal case in which Defendant Christopher Collare ("Collare") is charged in a twenty-nine count indictment with wire fraud, honest-services mail fraud, federal program bribery, public official bribery, distribution of heroin, and making a false statement for actions he allegedly performed in his role as a police officer with the Carlisle Police Department ("CPD"). On May 26, 2020, the court granted in part and denied in part Collare's motion to dismiss, dismissing Count 21 of the indictment but otherwise denying the motion. The case is presently before the court on the government's motion for reconsideration of the order dismissing Count 21. Because the court concludes that it erroneously overlooked controlling precedent in *United States v. Zwick*, 199 F.3d 672 (3d Cir. 1999), the court will grant the motion for reconsideration.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On January 16, 2020, a grand jury indicted Collare for sixteen counts of wire fraud under 18 U.S.C. §§ 1343 and 1349 (Counts 1–16); four counts of honest

services mail fraud under 18 U.S.C. §§ 1341, 1346, and 1349 (Counts 17–20); one count of federal program bribery under 18 U.S.C. § 666(a)(1)(B) (Count 21); one count of public official bribery under 18 U.S.C. § 201(b)(2) (Count 22); one count of distribution of heroin under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846 (Count 23); and six counts of making a false statement under 18 U.S.C. § 1001(a)(2) (Counts 24–29).  (Doc. 1.)

According to the facts alleged in the indictment, Collare was an officer with the CPD from 1996 to 2018 and served as a member of the Cumberland County Drug Task Force ("CCDTF") from 2011 to 2018.  (*Id.* ¶¶ 1–2.)  During that time, Collare served as a member of the FBI's Capital City Safe Streets Task Force in Harrisburg, Pennsylvania.  (*Id.* ¶ 3.)  In performing his work for the CPD and the two task forces, Collare recruited and enlisted confidential informants to assist with drug investigations and supervised the confidential informants' participation in controlled buys of narcotics.  (*Id.* ¶¶ 5–6.)  The indictment alleges that Collare misused his positions in various ways so as to obtain sexual favors from confidential informants.  As relevant to the present motion, Count 21 of the indictment alleges that Collare accepted a bribe in violation of 18 U.S.C. § 666(a)(1)(B) by accepting sex and sexual favors while "intending to be influenced and rewarded in connection with a business, transaction, and series of transactions

of the Borough of Carlisle and Cumberland County, Pennsylvania valued at $5,000 or more." (*Id.* ¶ 48.)

Collare moved to dismiss Counts 1–22 of the indictment on April 20, 2020. (Docs. 24–25.) The court granted in part and denied in part the motion to dismiss on May 26, 2020, dismissing Count 21 but denying the motion in all other respects. (Docs. 38–39.) The government filed the instant motion for reconsideration along with a supporting brief on June 1, 2020, seeking reconsideration of the court's decision to dismiss Count 21. (Docs. 40, 42.) Collare did not file a brief in opposition, making the motion for reconsideration ripe for the court's review.

## JURISDICTION

This court has jurisdiction under 18 U.S.C. § 3231, which gives district courts original jurisdiction over cases in which offenses against the laws of the United States are alleged.

## STANDARD OF REVIEW

A party seeking reconsideration of a district court's order must show either (1) "an intervening change in the controlling law"; (2) the availability of new evidence that was not available when the court issued its prior order; or (3) "the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d

Cir. 1995)). Motions for reconsideration "cannot be used to reargue issues that the court has already considered and disposed of." *McSparren v. Pennsylvania*, 289 F. Supp. 3d 616, 621 (M.D. Pa. 2018) (citing *Blanchard v. Gallick*, No. 1:09-CV-01875, 2011 WL 1878226 at *1 (M.D. Pa. May 17, 2011)).

Although a court may reconsider a prior order based on a party's motion, motions for reconsideration "should be granted sparingly as federal courts have a strong interest in the finality of judgments." *Kitzmiller v. Dover Area Sch. Dist.*, 388 F. Supp. 2d 484, 488 (M.D. Pa. 2005). The decision of whether to grant a motion for reconsideration is left to the discretion of the district court. *Le v. Univ. of Pa.*, 321 F.3d 403, 405 (3d Cir. 2003).

## DISCUSSION

The government's motion for reconsideration seeks reinstatement of Count 21, which the court dismissed on May 26, 2020. (*See* Doc. 38–39.) Count 21 charged Collare with federal program bribery in violation of 18 U.S.C. § 666, which states that an agent of a government organization commits a crime when he:

> corruptly solicits or demands for the benefit of any person, or accepts or agrees to accept, anything of value from any person, intending to be influenced or rewarded in connection with any business, transaction, or series of transactions of such organization, government, or agency involving any thing of value of $5,000 or more. . . .

18 U.S.C. § 666(a)(1)(B). The statute only applies where the "organization, government, or agency receives, in any one year period, benefits in excess of

$10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance." *Id.* § 666(b).

In dismissing Count 21 of the indictment, the court noted that there was a circuit split as to the proper method of computing the $5,000 threshold under § 666 "with some courts holding that the $5,000 refers to the value of the bribe, while other courts hold[] that the $5,000 refers to the value of the business, transaction, or series of transactions."  (Doc. 38 at 17 (citing *United States v. Fernandez*, 723 F.3d 1, 12 (1st Cir. 2013))).  The court then concluded that under *United States v. Willis*, 844 F.3d 155, 163 (3d Cir. 2016), the Third Circuit required the $5,000 to be met by the value of the bribe, rather than the value of the business, transaction, or series of transactions.  (Doc. 38 at 17.)

The government argues that the court's dismissal of Count 21 constitutes a clear error of law because it erroneously overlooks binding Third Circuit precedent in *Zwick*, 199 F.3d at 689–91, that reached the opposite conclusion with regard to the $5,000 threshold under § 666.  (Doc. 41 at 13–14.)  Although *Zwick* was not cited by the government in its brief opposing Collare's motion to dismiss, *see generally* Doc. 30, the court agrees with the government that the court committed a clear error of law in overlooking *Zwick*.

The defendant in *Zwick* was a member of the Board of Commissioners of Ross Township, Pennsylvania who was charged and convicted with three counts of

federal program bribery under § 666. *Zwick*, 199 F.3d at 676. He appealed the conviction, arguing, among other things, that the $5,000 element under § 666 had not been met. *Id.* at 689. The Third Circuit rejected this argument, holding that the $5,000 threshold had been met and basing its analysis on the value of the transactions at issue, rather than the value of the bribe. *See id* 689–91 ("[T]here is substantial evidence establishing that the present value of the transactions and business involved in each of counts one, two, and three was at least $5,000."). The court held that § 666 "looks to the value of the underlying business or transaction," rather than the value of the bribe, in computing the $5,000 element of the statute. *Id.* at 690. Although the court considered the value of the bribes at issue, that value was only considered as evidence bearing on the total value of the transactions at issue. *Id.* ("Significantly, the Fosnights agreed to pay Zwick $15,000 for his assistance, which indicates that the value of the transactions was well above . . . the $5,000 minimum."). Accordingly, under *Zwick*, it is the value of the business, transaction, or series of transactions, rather than the value of the bribe, that determines whether the $5,000 element of § 666 is satisfied. *Id.*

The court's prior reliance on *Willis* was misplaced. In *Willis*, the court stated the elements under § 666 in a way that appeared to conflict with *Zwick*. *Willis*, 844 F.3d at 501. Specifically, the court in *Willis* stated that "§ 666 criminalizes the acceptance of a bribe of $5,000 or more by a government agent of

a local government that receives more than $10,000 a year in federal funds if the agent intends to be influenced by the bribe when making a decision to enter into business on behalf of the government." *Id.* (emphasis omitted).  Although this statement appears to require the $5,000 element under § 666 to be met by the value of the bribe, the *Zwick* court's contrary holding still controls analysis of the statute for two reasons.  First, the statement in *Willis* was dicta, as the proper method of computing the $5,000 element was not before the court.  Second, because both *Willis* and *Zwick* were precedential decision decided by panels of the Third Circuit—rather than the full court—*Willis* cannot overrule *Zwick*.  *See ACLU of N.J. ex rel. Lander v. Schundler*, 168 F.3d 92, 98 n.6 (3d Cir. 1999) ("'It is the tradition of this court that the holding of a panel in a reported opinion is binding on subsequent panels' and that 'no subsequent panel overrules the holding in a published opinion of a previous panel.'" (emphasis omitted) (quoting Third Circuit Internal Operating Procedure 9.1.)); *see also United States v. Mallory*, 765 F.3d 373, 381 (3d Cir. 2014) (noting that a precedential opinion of the Third Circuit "can be overruled only by the Court sitting en banc or the Supreme Court"). Accordingly, because *Zwick* controls the court's analysis of § 666 and because the indictment otherwise adequately stated an offense under § 666, the court will grant the government's motion for reconsideration and reinstate Count 21 of the indictment.

## CONCLUSION

For the foregoing reasons, the government's motion for reconsideration is granted. An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: June 19, 2020